United States District Court
Southern District of Texas

**ENTERED**

November 03, 2015

David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JEROME TERRY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-2430 |
| | § | |
| CITY OF HOUSTON, | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Pending before the court is defendant City of Houston's amended motion to stay plaintiff Jerome Terry's complaint pending the resolution of the criminal proceedings against Terry. Dkt. 10. After considering the arguments of the parties and the applicable law, the court is of the opinion that the motion to stay should be GRANTED.

## I. BACKGROUND

Terry brings an action against the City of Houston and eight other defendants pursuant to 42 U.S.C. Sections 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. Dkt. 1 at 1. Terry was arrested and charged with evading arrest or detention – second offender and possession of a controlled substance. Dkt. 6 at 2. Terry alleges that his constitutional rights were violated by the defendants during this arrest when they "creat[ed] and engag[ed] in a practice of the use of excessive force and [/] or . . . performance of illegal cavity searches, as well as false arrest and false imprisonment." Dkt. 1 at 2. The City of Houston has asked this court to stay this case pending resolution of the pending state criminal case against Terry. Dkt. 10.

## II. LEGAL STANDARD

To recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a

§ 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364 (1994). If a judgment for the plaintiff on the § 1983 claim would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* A damages claim related to a conviction or sentence that has not been invalidated cannot proceed under 42 U.S.C. § 1983. *Id.*

### III. ANALYSIS

#### A.  Motion toStay

Terry was charged in Harris County with evading arrest or detention – second offender and possession of a controlled substance. Dkt. 6 at 2. The City of Houston requests that the court stay this case, pursuant to *Heck*, until the criminal proceedings pending against Terry are resolved. Dkt. 6 at 1.

Terry's allegations of unconstitutional arrest and imprisonment would, if true, necessarily implicate the validity of the pending charges against him and any potential conviction that might result. Such allegations cannot proceed under § 1983 at this time. *See Hudson v. Hughes*, 98 F.3d 868, 872–73 (5th Cir. 1996) (holding that *Heck* precluded proceeding on the plaintiff's allegations of excessive force and false arrest because, if successful, they would call into question the validity of the plaintiff's conviction).

The problem is even more acute when, as here, there is no conviction, merely an indictment. The Supreme Court has explained that if a plaintiff files a false arrest claim before he has been convicted, or files other claims related to rulings that will likely be made in a pending or anticipated

2

criminal trial, the district court may, and following common practice often does, stay the civil action until the pending or potential criminal case has been decided. *Wallace v. Kato*, 549 U.S. 384, 393–94, 127 S.Ct. 1091 (2007). If the plaintiff is ultimately convicted, and if the stayed § 1983 action would invalidate that conviction, *Heck* will require dismissal; if not, the § 1983 action will proceed, absent some other bar. *Wallace*, 549 U.S. at 394 (citing *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584 (1997); *Heck*, 512 U.S. at 487.

In *Mackey v. Dickson*, 47 F.3d 744 (5th Cir. 1995), the Fifth Circuit addressed such a circumstance and found that until it was known whether evidence that was a direct or indirect result of Mackey's arrest was presented by the prosecution at his criminal trial, it was "simply premature" to determine if Mackey's claims were barred under *Heck*. The Fifth Circuit stated: "the court may–indeed should–stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two." *Id.*

Because the City's motion to stay reflects that Terry's criminal case remains pending, the court finds the best course is to stay this civil case until his state court proceedings are completed. Accordingly, the City of Houston's motion to stay is GRANTED.

## B. Service

Terry's complaint filed with the court on August 21, 2015, names nine defendants as parties to this lawsuit. Dkt. 1. Presently, the only defendant who has been served is the City of Houston. According to Federal Rule of Civil Procedure 4(m), Terry has 120 days from the date of filing to serve defendants with a copy of the summons and the complaint. Fed. R. Civ. P. 4(m). The deadline for Terry to serve the defendants has not lapsed, and all defendants have not been issued a summons and a copy of Terry's complaint.

3

The granting of the City of Houston's motion to stay does not alleviate Terry of the responsibility of having the summons and complaint served on the remaining defendants within the time allowed under Rule 4(m).

## C.  Terry's Motion for Attorney Fees and Sanctions

Terry's response to the City of Houston's motion to stay includes a request for reasonable attorney fees and sanctions under Rule 11 of the Federal Rules of Civil Procedure.  Dkt. 9 at 11. This request alleges that the City of Houston filed a motion that is "moot" and based on issues "non applicable to Plaintiff's case."  *Id.*

Because the court finds no sanctionable conduct, Terry's request for attorney fees and sanctions under Rule 11 is DENIED.

## IV. CONCLUSION

For the foregoing reasons, the City of Houston's motion to stay is GRANTED.  However, Terry must comply with Federal Rule of Civil Procedure 4 in serving the remaining defendants with the summons and complaint.  Terry's motion for attorney fees and sanctions is DENIED.

Signed at Houston, Texas on November 3, 2015.

_____
Gray H. Miller
United States District Judge

4